IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**JAMELA SMITH**,

      Plaintiff,                                            No. CV 10-198-MO

      v.                                                    OPINION AND ORDER

**WOMEN'S HEALTHCARE**
**ASSOCIATES, LLC**,

      Defendants.


**MOSMAN, J.**,

## INTRODUCTION

This matter involves plaintiff Jamela Smith's allegations that her former employer, Women's Healthcare Associates, LLC ("WHA"), discriminated against her in violation of the Americans with Disabilities Act ("ADA"), Oregon Equality Act ("OEA"), Family Medical Leave Act ("FMLA"), and Oregon Family Medical Leave Act ("OFLA"). Before the Court is WHA's motion to motion for summary judgment (#26). For the reasons below, I grant WHA's motion in part and deny it in part.

## BACKGROUND

On February 8, 2010, the Court heard oral argument regarding WHA's motion for summary judgment (#26) against Ms. Smith's allegations of discrimination. After listening to the parties' arguments, I denied WHA's motion with regard to Ms. Smith's associational

discrimination claim and deferred judgment pending further briefing on Ms. Smith's perceived disability and medical leave claims. (Min. Order (#40).)

At issue with the remaining claims was the admissibility of a statement, which WHA allegedly made while terminating Ms. Smith. (Tr. Proceedings (#41) 22). Ms. Smith contends that WHA employees told her "with your sister's diagnosis of breast cancer, we don't think you're going to be able to give your all to WHA." (Pl.'s Con. Stat. (#34) 5.)  During Ms. Smith's deposition, however, she testified that the only reason she believes WHA terminated her for use of family medical leave was the temporal proximity between her use of leave and eventual termination. (Def.'s Mem. Supp. Summ. J. (#30) 16–17.) In order to determine whether Ms. Smith should be held to her sworn testimony, and whether the "give your all" allegation conflicts with Ms. Smith's earlier testimony, I ordered the parties to file supplemental briefs. (Min. Order (#40).)

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The court views the record in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The non-moving party has the "burden of [pointing] to 'specific facts showing that there is a genuine issue for trial . . . .' [I]t is not the district court's job to sift through the record to find admissible evidence in support of a non-moving party's case." *Claar v. Burlington N. R.R.*, 29 F.3d 499, 504 (9th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is

no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986) (internal quotes omitted).

## DISCUSSION

After reviewing the parties' motions, memoranda, and supplemental briefing, I now grant

summary judgment to defendants on Ms. Smith's medical leave claims and deny summary

judgment on her perceived disability claim.

With regard to Ms. Smith's medical leave claims, in order to establish a prima facie case

of retaliation for use of medical leave, she must demonstrate that she was legally entitled to

protected medical leave, and not merely that it was graciously provided by her employer. *See,*

*e.g.*, *Ney v. City of Hoisington, Kansas*, 508 F. Supp. 2d 877, 886 (D. Kan. 2007) *aff'd*, 264 Fed.

App'x 678 (10th Cir. 2008) (noting that in order to establish a prima facie case of FMLA

retaliation, plaintiffs must demonstrate that they "engaged in protected activity" and not merely

that they took leave). The care of a sibling, however, is not protected under either state or federal

law. *See* O.R.S. § 659A.150(4); 29 U.S.C. § 2601, *et seq*. Accordingly, WHA granted Ms. Smith

personal leave to care for her sister as a matter of discretion. (*See* Def.'s Letter Br. (#42) 1.)

In response, Ms. Smith contends that retaliation can be inferred from the circumstances

surrounding her use of leave to seek rehabilitation, which is protected. (*See* Pl.'s Letter Br. (#43)

2 n.1.) She recalls that WHA granted her personal leave to care for her sibling during the same

period that she took medical leave for rehabilitation. On March 26, 2009, Ms. Smith's sister was

notified that she required surgery for breast cancer, which would take place on April 15, 2009.

(Pl.'s Resp. (#32) 10.)  In order to care for her sister, Ms. Smith requested personal leave, which

was granted for April 14–15, 2009, and began immediately after her own medical leave ended.

(*Id.*) But the comment only addresses Ms. Smith's use of unprotected personal leave. It simply cannot be construed to address her use of protected leave. As a result, I conclude that no reasonable inference can be drawn to connect the comment to protected medical leave.[1] Because Ms. Smith has not created a material issue of fact, I grant summary judgment on her medical leave claims.

Turning now to Ms. Smith's perceived disability claim, I deny WHA's motion for summary judgment because Ms. Smith created a dispute of material fact about WHA's real reason for firing her. At oral argument, Ms. Smith offered three persuasive reasons why WHA's reliance on the third party was unjustified. First, Ms. Smith proffered evidence that there was "bad blood" between Ms. Smith and the vendor, Ms. Mitchell, which undermines the reliability of Ms. Mitchell's report of non-compliance. (Tr. Proceedings (#41) 24:21; *see also* Pl.'s Concise Stat. Material Facts (#34) 4–5 (stating that Ms. Mitchell reported Ms. Smith out of compliance without waiting to hear back from Ms. Smith as presumptively agreed).) Second, Ms. Smith argued that Ms. Mitchell's report of non-compliance is unlike a scientific test. Whereas a scientific test involves independently verifiable facts, Ms. Mitchell's report rested on a subjective determination. Ms. Smith argued that in order to verify the report's accuracy, WHA should have given her an opportunity to respond to Ms. Mitchell's report. (Tr. Proceedings (#41) 29:6–21; *see also* Pl.'s Resp. (#32) 14–15 (noting that WHA failed to verify the accuracy of Ms. Mitchell's report).) Finally, Ms. Smith argued that WHA unexpectedly denied Ms. Smith's request to respond to her termination. There is evidence that by doing so, WHA violated its own internal policies and disregarded facts indicating that Ms. Smith may have actually been in

---

[1] In light of the facts Ms. Smith has proffered in support of her family leave claims, it is clear that those facts are more properly dealt with in the context of her associational disability claim, which I have already allowed to proceed. (*See* Min. Order (#40).)

compliance with both her discharge plan and her last chance agreement with WHA. (Tr. Proceedings (#41) 41:8–16; Pl.'s Resp. (#32) 14–15.) In light of these facts, Ms. Smith's perceived disability claim should proceed.

## CONCLUSION

For the reasons discussed above, WHA's motion for summary judgment (#26) is GRANTED with regard to Ms. Smith's medical leave claims and DENIED with regard to her perceived disability claim.

IT IS SO ORDERED.

DATED this __22nd__ day of April, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court